IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

WILLIAM ROBINSON, JR.                                                                                            PLAINTIFF

VERSUS                                                              CIVIL ACTION NO.  2:11-cv-119-KS-MTP

CHRISTOPHER B. EPPS,
MS. McDONALD, MS. HENDERSON,
RONALD KING, CAPT. BROWN,
DEBRA PLATT, KIMBERLY BROWN,
JONATHAN HILL, AND HUBERT DAVIS                                                          DEFENDANTS

MEMORANDUM OPINION AND ORDER

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff William Robinson, Jr., an inmate currently confined in Delta Correctional Facility, Greenwood, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named Defendants are Christopher B. Epps, Ms. McDonald, Ms. Henderson, Ronald King, Capt. Brown, Debra Platt, Kimberly Brown, Jonathan Hill, and Hubert Davis.  Plaintiff is requesting monetary damages as well as the reinstatement of his trusty earned time credits.

I.  Background

Plaintiff states in his complaint [1] that he was transferred from the Central Mississippi Correctional Facility (CMCF) to South Mississippi Correctional Institution (SMCI) on April 24, 2009.  Upon his arrival and the arrival of his property, the prison officials at SMCI searched his property and found three (3) Sender Information Modules (S.I.M.) cards. Compl. [1] p. 6.  Plaintiff received two separate Rule Violation Reports (RVR), #968063 and #968064, for allegedly having in his possession three Sender Information Modules (S.I.M.) cards.  *Id*.  When the prison officials read the contents of the RVRs to Plaintiff, he noticed that the prison officials violated the disciplinary policy and procedures of Mississippi Department of Corrections (MDOC) when one of

the officers changed his pin number on the RVR after the Unit Administrator had initialed it.  *Id.* According to the complaint [1], Plaintiff was found guilty of RVR #968063 and received as punishment disciplinary segregation for 20 days, and restriction of all privileges for two months beginning May 20, 2009 until July 18, 2009.  Additionally, Plaintiff claims that he was without knowledge of the disciplinary hearing so he was not present.  Comp. [1] at p.7.  Plaintiff contends that the RVR stated that he had refused to appear.  *Id.*  Plaintiff was later found guilty of the second RVR (#968064).  *Id.*  He was punished by being transferred to disciplinary segregation for 20 days and having all his privileges restricted from July 19, 2009, to September 16, 2009.  *Id.*  After being released from disciplinary segregation, Plaintiff states that he suffered a "total breakdown mentally." *Id.*  He then attempted to commit suicide and was taken to the hospital and treated.  *Id.*  He was later transferred to the East Mississippi Correctional Facility (EMCF) for mental observation.  *Id.*

While being housed at EMCF, Plaintiff was served with an indictment charging him with Possession of an Unauthorized Electronic Device in the Circuit Court of Greene County, Mississippi. Compl. [1] p. 9.  Eventually, on August 17, 2010, Plaintiff pled guilty to the charge and was sentenced to serve one year for the charge.  *Id.* at p.10.  On or about January 5, 2011, Plaintiff met with his case manager to discuss the delays of his earned release supervision (ERS).  *Id.*  Plaintiff was advised at that meeting that he would be losing 12 months of trusty earned time credits. However, according to Plaintiff's calculation his trusty earned time credits had been incorrectly reduced by 26 months.  *Id.* at 12.  Therefore, it appears to this Court that Plaintiff is arguing that his trusty earned time credits were incorrectly reduced and therefore, he is being unlawfully required to serve an additional 26 months of incarceration.

II.  Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, Section 1915(e)(2) applies to the instant case. As discussed below, Plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 based on the claims that (1) his due process rights were violated in the disciplinary proceedings against him concerning RVRs #968063 and #968064; and (2) his trusty earned time credits were unlawfully taken from him.

A.  Rule Violation Reports

Initially, this Court finds that Plaintiff claims relating to the RVRs #96803 and #96804 cannot be maintained in the instant civil action. To invoke the protections of the due process clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest will be "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Plaintiff simply did not suffer an atypical and significant hardship in relation to the ordinary incidents of prison life by losing his prison privileges for two months. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997)(inmate's 30 day commissary and cell restrictions as punishment do not present the type of atypical, significant deprivation in which a state might create a liberty interest). Additionally, Plaintiff being placed in segregation for 20 days as a result of a disciplinary hearing

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

did not result in the plaintiff suffering an atypical and significant hardship in relation to the ordinary incidents of prison life. *See Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir. 1996)(finding that administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest). Therefore, since the protections of the due process clause were not triggered, it is of no consequence that the prison official changed his pin number to his initials on the RVR after it was initialed by the Unit Administrator or that Plaintiff was not present at his disciplinary hearing. Therefore, Plaintiff has not suffered a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

## B. Trusty earned time credits

The restoration of time served as a trusty, if granted, would result in Plaintiff receiving an accelerated release. As such, a § 1983 civil action is not the proper vehicle to pursue that request. *See Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) *cert. denied*, 525 U.S. 1151 (1999). Plaintiff must pursue his request for the restoration of trusty earned time credits through a petition for habeas corpus relief which requires him to exhaust his available state remedies. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(The United States Supreme Court found that habeas corpus was the exclusive remedy for a claim of restoration of good time credits because "[t]he principal procedural defect complained of by respondent would, if established, necessarily imply the invalidity of the deprivation of his good-time credits" and would imply a speedier release from prison.). According to the allegations of the complaint [1] and exhibits [6], Plaintiff fails to establish that he has exhausted his available state remedies as required to pursue this matter as a habeas request.[2] *See*

---

[2]Plaintiff indicates that he presented to the MDOC's Administrative Remedy Program a claim relating to the RVRs he received, but not as to the trusty earned time credits at issue in this civil action. If Plaintiff does not receive the requested relief concerning his trusty earned time credits through MDOC's Administrative Remedy Program, there is an available procedure with the state courts for an inmate to appeal a final decision rendered by the MDOC Administra-

*Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973). Consequently, this complaint will not be liberally construed as a petition for habeas corpus relief.

Moreover, a state prisoner's claim for damages relating to the denial of his trusty earned time credits are not cognizable under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* doctrine has been held to apply to a claim brought pursuant to 42 U.S.C. § 1983 by a state prisoner for damages and declaratory relief which challenges the validity of the procedures used to deprive him of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(A § 1983 civil action for damages concerning a disciplinary hearing which would necessarily imply the invalidity of the prisoner's "conviction" in the disciplinary proceeding or the length of his confinement is barred unless the *Heck* conditions are met). There are no allegations nor attachments to his complaint that demonstrate that any of the disciplinary hearings which are the subject of the instant civil action have been invalidated. Thus, Plaintiff's cause of action pursuant to 42 U.S.C. § 1983 has not yet accrued. *See Heck*, 512 U.S. at 489-90. Consequently, he cannot maintain this action against the named Defendants.

### III. Conclusion

As discussed above, Plaintiff's claims relating to the RVRs do not rise to the level of a

---

tive Remedy Program. *See* Miss. Code Ann. § 47-5-807 (1972), as amended; *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010)(inmate appealed MDOC's denial of administrative remedy regarding earned time credit). In addition, the Court notes that the Mississippi Uniform Post-Conviction Collateral Relief Act provides an avenue for an inmate to challenge his incarceration based on a claim that "his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody." Miss. Code Ann. § 99-39-5(h)(1972), as amended.

constitutional deprivation. Therefore, those claims are frivolous pursuant to 28 U.S.C. § 1915. As for his restoration of trusty earned time credits, this claim is habeas in nature and cannot be maintained as a § 1983 action. Finally, the claim for monetary damages presented in the instant civil action concerning the restoration of his trusty earned time credits have not yet accrued and therefore, he has failed to state a claim upon which the requested relief may be granted. Consequently, Plaintiff's instant cause of action will be dismissed with prejudice.[3]

## IV.  Three-strikes provision

Since this civil action filed pursuant to 42 U.S.C. § 1983 is being dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of the Prison Litigation Reform Act, it will be counted as a "strike". If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

This the 30th day of August, 2011.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3]"Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).